FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 11, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DANNY R.,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,<br><br>    Defendant. | No. 1:19-cv-3100-SAB<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

Before the Court are Plaintiff's Motion for Summary Judgment, ECF No. 12, and Defendant's Cross-Motion for Summary Judgment, ECF No. 13. The motions were heard without oral argument. Plaintiff is represented Nicholas Jordan; Defendant is represented by Assistant United States Attorney Timothy Durkin and Special Assistant United States Attorney Leisa A. Wolf.

**Jurisdiction**

On November 9, 2015, Plaintiff filed an application for disability insurance benefits. Plaintiff alleged a disability onset date of March 1, 2015.

Plaintiff's application was denied initially on June 2, 2016 and on reconsideration on August 9, 2016. On August 16, 2016, Plaintiff filed a written request for a hearing. On December 6, 2017, Plaintiff appeared and testified at a

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT \* 1**

hearing in which he participated in Yakima, Washington, represented by his attorney, Mr. Jordan. Kimberly Mullinax, a vocational expert, provided testimony. The ALJ issued a decision on June 27, 2018, finding that Plaintiff was not disabled. Plaintiff timely requested review by the Appeals Council, which denied the request on March 20, 2019. The Appeals Council's denial of review makes the ALJ's decision the final decision of the Commissioner.

Plaintiff filed a timely appeal with the United States District Court for the Eastern District of Washington on May 9, 2019. The matter is before this Court under 42 U.S.C. § 405(g).

## Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if her impairments are of such severity that the claimant is not only unable to do her previous work, but cannot, considering claimant's age, education, and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 416.920(a)(4); *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The steps are as follows:

**Step One**: Is the claimant engaged in substantial gainful activities? 20 C.F.R. § 404.1520(b). Substantial gainful activity is work done for pay and requires compensation above the statutory minimum. *Id.*; *Keyes v. Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is engaged in substantial activity, benefits are denied. 20 C.F.R. § 404.1520(b). If he is not, the ALJ proceeds to step two.

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT \* 2**

**Step Two**: Does the claimant have a medically severe impairment or combination of impairments? 20 C.F.R. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. A severe impairment is one that lasted or must be expected to last for at least 12 months and must be proven through objective medical evidence. 20 C.F.R. § 404.1509. If the impairment is severe, the evaluation proceeds to the third step.

**Step Three**: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity? 20 C.F.R. § 404.1520(d); 20 C.F.R. § 404 Subpt. P. App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. *Id.* If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

Before considering Step 4, the ALJ must first determine the claimant's residual functional capacity. 20 C.F.R. § 404.1520(e). An individual's residual functional capacity is his ability to do physical and mental work activities on a sustained basis despite limitations from his impairments.

**Step Four**: Does the impairment prevent the claimant from performing work he has performed in the past? 20 C.F.R. § 404.1520(f). If the claimant is able to perform his previous work, he is not disabled. *Id.* If the claimant cannot perform this work, the evaluation proceeds to the fifth and final step.

**Step Five**: Is the claimant able to perform other work in the national economy in view of his age, education, and work experience? 20 C.F.R. § 404.1520(g).

The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in his previous occupation. *Id*. At

step five, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful activity. *Id.*

## Standard of Review

The Commissioner's determination will be set aside only when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992) (citing 42 U.S.C. § 405(g)). Substantial evidence is "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401.

The Court must uphold the ALJ's denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which supports the decision of the administrative law judge. *Batson v. Barnhart*, 359 F.3d 1190, 1193 (9th Cir. 2004). The Court reviews the entire record. *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985). "If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019.

A decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Sec'y of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). An ALJ is allowed "inconsequential" errors as long as they are immaterial to the ultimate nondisability determination. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006).

## Statement of Facts

The facts have been presented in the administrative transcript, the ALJ's decision, and the briefs to this Court. Accordingly, only the most relevant facts are summarized here. Plaintiff was 43 years old at the time of his alleged onset date. AR 26. He has a high school education and previously worked as a glass installer.

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT \* 4**

AR 37, 40. Plaintiff lives with his mother, who pays all the bills for their household. AR 43. Plaintiff's mother also does the grocery shopping for them because of Plaintiff's difficulty being around people. AR 44, 55. Plaintiff participated in online vocational retraining through the Department of Labor and Industries to be trained for office work. AR 50. However, Plaintiff had trouble using the keyboard due to wrist and shoulder pain and had difficulty with office work due to his poor memory. *Id.*

In his application and in his testimony at the ALJ hearing, Plaintiff alleged that he has limitations in his ability to reach and lift his arms and use his hands. AR 50. Plaintiff alleges that his right shoulder pain is exacerbated by moving his hand or reaching overhead. AR 50. Plaintiff also alleges that he has back pain that prevents him from standing for longer than a few minutes at a time. AR 47. Plaintiff also alleges that he does not like being around people, and that being in crowds of more than five or ten people triggers his anxiety. AR 44. Plaintiff alleges that he has problems with memory and confusion, and that these problems interfere with his ability to perform daily activities and chores. AR 44-46, 49-50.

## The ALJ's Findings

The ALJ issued an opinion affirming denial of benefits. The ALJ concluded that Plaintiff's allegations were not consistent with the record and held that Plaintiff was not disabled and could perform work that exists in significant numbers in the national economy. *Id.* at 27.

At **step one**, the ALJ found that Plaintiff has not engaged in substantial gainful activity since March 1, 2015, the alleged disability onset date. *Id*. at 17.

At **step two**, the ALJ found that Plaintiff had the following severe impairments: right shoulder rotator cuff tear; degenerative disc disease; affective disorder, and an anxiety disorder. *Id*.

At **step three**, the ALJ found that Plaintiff did not have an impairment or a combination of impairments that meets or medically equals any Listing. *Id*. at

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT * 5**

17-19.

The ALJ concluded that Plaintiff had a residual function capacity to perform:
> light work as defined in 20 CFR 404.1567(b) with some additional limitations. The claimant can occasionally climb ladders, ropes, or scaffolds and crawl. The claimant can occasionally reach overhead with the right upper extremity. There can be frequent right handling. The claimant must avoid concentrated exposure to extreme cold, extreme heat. The claimant must avoid even moderate exposure to hazards (dangerous machinery, unprotected heights, etc.). The person is not limited to unskilled work tasks. There should be no contact with the general public for work tasks[,] but incidental contact is not prohibited. There can be superficial contact with co-workers. There can be occasional contact with the supervisor for work tasks. There can be frequent changes to the work environment when the person has an opportunity to adapt (one to two days notice [sic]). The person is capable of completing goals set by others. The claimant is unable to perform at a production rate pace using his hands (e.g., assembly line work as where the pace is mechanically controlled) but can perform goal-oriented work or where the worker has more control over the pace. The person may be off task up to ten percent over the course of an eight-hour workday. The claimant can walk or stand for five hours in an eight-hour workday or perform work tasks that permit a sit/stand option.

*Id*. at 20.

At **step four**, the ALJ found that Plaintiff could not perform any past relevant work. *Id*. at 26.

At **step five**, the ALJ found that Plaintiff's limitations would preclude his past relevant work, but they would not prevent him from performing other work. The ALJ further concluded that Plaintiff was not disabled and that there were jobs that exist in significant numbers in the national economy that Plaintiff could perform, including document preparer and coin machine collector. *Id*. at 27.

## Issues for Review

1. Did the ALJ err in finding Plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms not credible?

2. Did the ALJ err in rejecting the opinions of Plaintiff's treating and examining doctors?
3. Did the ALJ err in determining Plaintiff's residual capacity, resulting in harmful error at Step Five of the sequential evaluation?

**Discussion**

1. <u>Did the ALJ Improperly Evaluate Plaintiff's Credibility?</u>

Plaintiff argues that the ALJ improperly discounted his testimony about his symptoms and limitations as inconsistent with the record. ECF No. 10 at 6. Plaintiff argues that, had the ALJ found Plaintiff credible and assigned his testimony more weight, the residual function capacity would have been stricter and that the ALJ would not have been able to find Plaintiff capable of employment, and therefore constitutes harmful error. *Id*. Defendant argues that the ALJ reasonably declined to adopt all of Plaintiff's subjective complaints because they conflicted with various parts of the record and that the ALJ's decision is supported by clear and convincing reasons. ECF No. 11 at 4.

The ALJ is responsible for making credibility determinations. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007). Once a claimant has produced evidence of an impairment, the ALJ may not discredit testimony regarding symptoms simply by asserting that they are unsupported by objective evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Rather, the ALJ must provide specific, cogent reasons to find that the claimant is not credible. *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006) (citing *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990)). If the ALJ's credibility finding is supported by substantial evidence in the record, the Court may not engage in second-guessing. *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002). The Court will affirm the ALJ's reasoning so long as it is clear and convincing. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT \* 7**

In recognition of the fact that an individual's symptoms can sometimes suggest a greater level of severity of impairment than can be shown by the objective medical evidence alone, 20 C.F.R. §§ 404.1529(c) and 416.929(c) describe the kinds of evidence, including the factors below, that the ALJ must consider in addition to the objective medical evidence when assessing the credibility of an individual's statements:

> 1. Daily activities; 2. The location, duration, frequency, and intensity of pain or other symptoms; 3. Factors that precipitate and aggravate the symptoms; 4. The type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms; 5. Treatment, other than medication, an individual receives or has received for relief of pain or other symptoms; 6. Any measures other than treatment an individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and 7. Any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms.

SSR 16-3P, 2017 WL 5180304.

Daily activities may be grounds for an adverse credibility finding if (1) Plaintiff's activities contradict his other testimony, or (2) Plaintiff "is able to spend a substantial part of his day engaged in pursuits involving the performance of physical functions that are transferable to a work setting." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (citing *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)). However, "[t]he Social Security Act does not require that claimants be utterly incapacitated to be eligible for benefits." *Fair*, 885 F.2d at 603. Recognizing that "disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations," the Ninth Circuit has held that "[o]nly if [a claimant's] level of activity were inconsistent with his claimed limitations would those activities have any bearing on his credibility." *Reddick*, 157 F.3d at 722.

//

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT * 8**

Here, the ALJ concluded that Plaintiff did have several impairments, but discounted Plaintiff's statements about the limitations imposed by those impairments as not credible. The ALJ adopted Plaintiff's statements about his subjective symptoms and their effect on his ability to work only insofar as they "can reasonably be accepted as consistent with the objective medical and other evidence." AR 22-23. In particular, the ALJ concluded that the medical evidence did not substantiate Plaintiff alleged disabling shoulder pain, but the record showed improved symptoms and functioning with occupational therapy. *Id*. at 22. The ALJ also considered evidence that Plaintiff's symptoms were not as persistent as he alleged and that his range of motion was self-limited. *Id*. The ALJ reached similar conclusions about Plaintiff's back pain and concluded that although he had pain, the objective findings of the medical record did not support the debilitating limitations he alleged. *Id*. In addition, the ALJ concluded that Plaintiff's testimony about his anxiety disorders was inconsistent with the record where there was evidence that his condition improved with treatment, did not cause disabling limitations, and that he ceased mental health treatment in 2017. These factors led the ALJ to conclude that Plaintiff's anxiety symptoms were not as limiting as he claimed in his application. *Id*. at 23. In addition, the ALJ concluded that Plaintiff engaged in activities that suggested he is not as limited as he alleges, including bowling, a vocational retraining program, and playing video games. *Id*. The ALJ concluded that these activities suggested that Plaintiff's mental and physical impairments were not as severe and limiting as he alleged. *Id.*

Having considered the ALJ's opinion, the ALJ did not err in his credibility determination. Although the record shows that Defendant did have some limitations caused by his shoulder and back pain, the record also shows that his shoulder condition improved with treatment and were not as debilitating as he alleged. *See, e.g.*, AR 468-72, 515, 532, 536, 543-44, 963, 1206-07. The ALJ pointed to evidence both in the medical record and in Plaintiff's activity level as

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT * 9**

inconsistent with his allegations that his pain was disabling and would not improve. These explanations constitute substantial evidence supporting the ALJ's conclusion to discount Plaintiff's testimony as contradicting the objective medical evidence. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008). However, the ALJ erred in finding that Plaintiff's anxiety was not as debilitating as he alleged solely because he stopped seeking treatment. Despite this, the error is harmless because the ALJ could still reasonably conclude that Plaintiff was not disabled based on his other impairments. *Regennitter v. Comm'r, Soc. Sec. Admin.*, 166 F.3d 1294, 1299 (9th Cir. 1999). Thus, the ALJ did not improperly discredit Plaintiff's statements concerning the intensity, persistence, and limiting effects of his impairments.

2. <u>Did the ALJ Improperly Evaluate Opinion Evidence from Plaintiff's Treating and Examining Doctors?</u>

Plaintiff argues that the ALJ erred by according inadequate weight to the opinion evidence of Plaintiff's treating and examining medical providers. ECF No. 10 at 11. Plaintiff further argues that the ALJ only accorded significant weight to state agency consultants who never personally evaluated Plaintiff and instead simply reviewed his records. *Id*. at 12. Defendant argues that the ALJ reasonably weighed multiple opinions and gave valid reasons for discounting opinions that did not comport with the overall record. ECF No. 11 at 12. Defendant argues that application of the deferential standard of review applicable in cases like this requires the Court to uphold the ALJ's factual findings about the opinion evidence. *Id*.

   a. *Examining and Treating Providers*

"Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's." *Holohan v. Massanari*, 246 F.3d 1195, 1202 (9th Cir. 2001). Medical opinions of treating physicians are accorded special weight

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT \* 10**

because these physicians are in a unique position to know claimants as individuals, and because the continuity of their dealing with claimants enhances their ability to assess claimants' problems. *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988).

In the absence of a contrary opinion, a treating physician's opinion may not be rejected unless "clear and convincing" reasons are provided. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If a treating physician's opinion is contradicted, it may be discounted only for "'specific and legitimate reasons' supported by substantial evidence in the record." *Id*. at 830 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). An ALJ may also disregard medical opinion if it is brief, conclusory, and inadequately supported by clinical findings. *Britton v. Colvin*, 787 F.3d 1011, 1012 (9th Cir. 2015) (*per curiam*). The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). "The ALJ must do more than state conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014).

Only licensed physicians and certain other qualified specialists are considered acceptable medical sources. *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012); 20 C.F.R. § 404.1513(a). For instance, nurse practitioners and physician assistants are not considered acceptable medical sources and are not afforded the same deference as acceptable medical sources. *Dale v. Colvin*, 823 F.3d 941, 943 (9th Cir. 2016). An ALJ may discount the opinion of an "other source"—like a nurse practitioner—if he provides "reasons germane to each witness for doing so." *Popa v. Berryhill*, 872 F.3d 901, 906 (9th Cir. 2017). Under certain circumstances, the opinion of a treating provider who is not an acceptable medical source may be given greater weight than the opinion of a treating

provider who is an acceptable medical source, but only if that provider has seen the claimant more often, has provided better supporting evidence and a better explanation for the opinion, and the opinion is more consistent with the evidence as a whole. *Revels v. Berryhill*, 874 F.3d 648, 655 (9th Cir. 2017); 20 C.F.R. § 404.1527(f)(1).

Plaintiff argues that the only providers assigned significant weight by the ALJ were the state agency consultants who were reviewing physicians. ECF No. 10 at 12-13. Plaintiff further asserts that one-time examining physicians were assigned more weight than many of his treating providers and that many of his treating providers were not accounted for at all in the ALJ's weight analysis. Specifically, Plaintiff asserts that the ALJ did not account for the opinions of treating providers including Roy Pierson, MD; Dena Mahre, PAC; Jackie Ray, OT; Michael Urakawa, PAC; David Klungness, DO; Michael Mullin, MD; Sean Mullin, DO, the treating team at Central Washington Comprehensive Mental Health; and Marybeth Wheeler, ARNP. *Id.*

Upon review of the ALJ's order, Plaintiff is correct that these treating providers were not accounted for in the ALJ's consideration of the medical opinion evidence. However, Defendant is also correct that the ALJ need not provide reasons to reject the findings of these providers because the treatment notes and observations cited to by Plaintiff do not address any functional limitations or opinions regarding Plaintiff's ability to work and reflect only temporary limitations. *See, e.g.*, AR 956-58, 959-61. Furthermore, many of the records cited to predate Plaintiffs' alleged onset date and are therefore of limited relevancy. Accordingly, the ALJ did not err in his treatment of these providers' opinions.

b. *Activity Prescription Forms*

The ALJ gave limited weight to the Activity Prescription Forms completed by Plaintiff's treatment providers in conjunction with his L&I claim. AR 25-26.

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT \* 12**

The providers variously opined that the claimant was unable to work at all, was released to light duty work, was capable of sedentary to light work, or was fully released to work in prior jobs. The ALJ accorded these forms limited weight because they were intended to be temporary restrictions and did not reflect the claimant's full recovery from treatment or his current level of functioning. *Id*. In addition, the ALJ gave limited weight to forms completed by Lisa Rutherford, ARNP, because the forms were not accompanied by examination findings and reflected rote repetition of prior assessments. *Id*. In addition, the ALJ gave limited weight to the forms completed by Ms. Rutherford because a nurse practitioner is not an acceptable medical source. *Id*. Finally, the ALJ gave limited weight to these forms because many of them were prepared well before the time period at issue in this case and did not reflect Plaintiff's subsequent improvement. *Id*. The ALJ's conclusion is supported by substantial evidence. Indeed, medical opinions that assess temporary limitations are of limited value. *Carmickle*, 533 F.3d at 1164. Accordingly, the ALJ did not err in giving limited weight to the opinions articulated in the Activity Prescription Forms.

    c. *James Simmons, P.T.*

With respect to James Simmons, P.T., the Court agrees with the Government, as a physical therapist is not listed as an acceptable medical source in the Social Security regulations. *See* 20 C.F.R. §§ 404.1502, 404.1513, 416.902, and 416.913. Because Mr. Simmons is not an acceptable medical source, the ALJ need only provide a germane reason to give his opinion limited weight. The ALJ gave some weight to the physical capacities evaluation by Mr. Simmons. Mr. Simmons opined that the claimant was not able to perform tasks at or above eye level with his right arm but was otherwise capable of light work. The ALJ found that Mr. Simmons' opinions were of limited persuasiveness because the evaluation was performed three months prior to the alleged onset of disability. In addition, the ALJ gave Mr. Simmons' opinion limited weight because a physical

therapist is not an acceptable source of medical opinions under SSA regulations. AR at 25. There is substantial evidence to support the ALJ's conclusions. Accordingly, the ALJ did not err in giving limited weight to the opinions of Mr. Simmons.

3. <u>Did the ALJ err in determining Plaintiff's residual capacity, resulting in harmful error at Step Five of the sequential evaluation?</u>

Plaintiff argues that the ALJ improperly determined the Plaintiff's residual function capacity and therefore harmful error occurred at Step Five. ECF No. 10 at 15. In contrast, Defendant argues that the ALJ did not err at Step Five because the ALJ did not err in determining Plaintiff's residual capacity function. ECF No. 11 at 16-17.

At Step Five, the Commissioner must show that the claimant is not disabled and that she can engage in some type of substantial gainful activity that exists in "significant numbers" in the national economy. *Zavalin v. Colvin*, 778 F.3d 842, 845 (9th Cir. 2015). The Step Five analysis includes a detailed assessment of the medical evidence, the claimant's daily activities, prior work record, any functional restrictions and limitations, treatment for relief of symptoms, and information and observations by treating and examining symptoms and third parties regarding the nature and extent of the claimant's symptoms. *See* 20 C.F.R. §§ 404.1529, 416.929. The ALJ must make specific findings which support a conclusion that claimant's allegations of severity are not credible. *Dale*, 823 F.3d at 945; *Lingenfelter*, 504 F.3d at 1036.

In making her determination, an ALJ may rely on an impartial vocational expert to provide testimony about jobs the applicant can perform despite her limitations. *Gutierrez v. Colvin*, 844 F.3d 804, 806-07 (9th Cir. 2016). The ALJ's depiction of the claimant's impairments must be accurate, detailed, and supported by the medical record. *Tackett*, 180 F.3d at 1101; *see also Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) (a hypothetical that fails to

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT \* 14**

consider a claimant's limitations is defective). An ALJ posing a hypothetical question to a vocational expert must include all of the claimant's functional limitations, both physical and mental, supported by the record. *Thomas*, 278 F.3d at 956. It is proper for an ALJ to limit a hypothetical to only those restrictions that are supported by substantial evidence in the record. *Magallanes*, 881 F.2d at 756-57. However, the ALJ must make specific findings explaining "his rationale for disbelieving any of the claimant's subjective complaints not included in the hypothetical." *Light v. Soc. Sec. Admin.*, 119 F.3d 789, 793 (9th Cir. 1997). If a hypothetical does not reflect all the claimant's limitations, it is without evidentiary value to support a finding that the claimant can perform jobs in the national economy. *DeLorme v. Sullivan*, 924 F.2d 841, 850 (9th Cir. 1991) (citing *Embrey*, 849 F.2d at 423).

Based on the vocational expert's testimony, the ALJ concluded that there were jobs available in the national economy that Plaintiff could perform given his limitations. AR at 27. Essentially, Plaintiff argues that—because the ALJ failed to properly consider medical opinion evidence and Plaintiff's testimony about his symptoms—the residual function capacity was flawed. ECF No. 10 at 15-16. Plaintiff's complaint, then, is primarily about the residual capacity function and its use in the crafting of the hypotheticals posed to the vocational expert. *Id.* at 17. Defendant argues that the RFC was not flawed because the ALJ gave valid reasons for discounting Plaintiff's subjective complaints and reasonably weighed the opinion evidence, and therefore that the hypotheticals posed to the vocational expert at Step Five were appropriate. ECF No. 11 at 16-17.

As discussed above, the ALJ gave valid reasons for discounting Plaintiff's subjective complaints and reasonably weighed the opinion evidence from medical providers. Because Plaintiff's challenge to the RFC are based on failed challenges on those points, his arguments about the RFC similarly fail.

//

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT \* 15**

## Conclusion

Defendant is entitled to summary judgment in its favor because the ALJ gave valid reasons to discount Plaintiff's subjective complaints about his impairments and reasonably weighed the opinion evidence of medical providers. Because the ALJ properly weighed Plaintiff's testimony and the opinion evidence, the RFC was properly formed and the ALJ did not err at Step Five of the sequential evaluation process. Plaintiff is not entitled to summary judgment for these same reasons.

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, ECF No. 10, is **DENIED**.

2. Defendant's Motion for Summary Judgment, ECF No. 11, is **GRANTED**.

3. The District Court Executive is directed to enter judgment in favor of Defendant and against Plaintiff.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order, provide copies to counsel, and **close** the file.

**DATED** this 11th day of February 2020.



Stanley A. Bastian
United States District Judge

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT * 16